SAMUEL LUSKS *v.* D. M. ANDERSON AND WIFE.

**Decedents' Estates—Competency of Witnesses.**

Devisees are competent as witnesses in a contest between the executor and a third party asserting a claim against the estate.

**Competency of Witnesses.**

> A party to the action against the executor is not allowed to testify,
> except as to facts occurring after the death of the decedent, unless the
> personal representative should call on such witnesses to testify as to
> transactions or conversations occurring with the decedent prior to his
> death.

APPEAL FROM GARRARD CIRCUIT COURT.

December 17, 1874.

OPINION BY JUDGE PRYOR:

There is nothing in the chapter on evidence, General Statutes, rendering the devisees incompetent as witness in a contest between the executor and a third party asserting a claim against the estate. A party to the action against the executor is not allowed to testify, except as to facts occurring after the death of the decedent or parent, unless the personal representative should call on witnesses to testify as to transactions or conversations occurring with the testator or decedent prior to his death, etc. In that event, the party to the action may also testify as to such specific transactions or private conversations. In this case the devisees were introduced to prove the delivery of the property to the appellee by the testator, from which the jury might have inferred that it was delivered in satisfaction of the debt, and also offered to prove by these witnesses the declarations of the testator as to the purpose in view in giving this property to the daughter, viz., "that it was in satisfaction of the debt."

These declarations, made by the testator in his behalf, were incompetent, regardless of the statute, and all that was competent, the appellee in her testimony admitted to be true, viz., that she received the horse, colt, money, etc. Therefore the appellant has no right to complain. The appellant, on cross-examination made the appellee his witness, and established by her the reception of the property from her father; but the witness went further and stated that it was in consideration of the debt declared on. This witness being a party to the action, and prosecuting it for the recovery of money to which she was entitled, was not competent to prove these facts unless called on to make the statements by the adverse party, the executor. She was examined in her own behalf, to testify only as to a conversation between herself and another witness introduced by the appellant for the purpose of contradicting that witness, and the appellant then making her his witness as to facts occurring before the death of her father, must abide by the consequences. Besides, appellant proved

by William Lusk the delivering of this same property to the appellee, and the jury had before them all the facts that they could legitimately hear. The husband could not testify against the wife, nor were his declarations that the money had been paid her, competent upon the issue made.

Judgment *affirmed*.

*George W. Dunlap, for appellant.*
*Burdett & Hopper, for appellees.*